UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-04-061 |
| § | CIVIL ACTION  NO. H-06-3760 |
| RENE GARCIA DEL FIERRO § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE GOVERNMENT'S MOTION FOR DISMISSAL**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255 is the United States' Response to Movant's Section 2255 Motion and Motion for Dismissal (Document Nos. 68 & 69), and Movant Rene Garcia Del Fierro's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 64).  Having considered Del Fierro's § 2255 Motion, the United States' Response and Motion for Dismissal, the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion for Dismissal be GRANTED, that Rene Garcia del Fierro's Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.    Procedural History**

Rene Garcia Del Fierro ("Del Fierro"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Del Fierro's first motion pursuant to § 2255.

On February 18, 2004, Del Fierro was charged by Indictment with illegally re-entering the

United States in violation of 8 U.S.C. § 1326(a), (b)(2). (Document No. 1). On April 19, 2004, Del Fierro pled guilty to the Indictment without the benefit of a plea agreement. (Document No. 12). Following the preparation of a presentence investigation report, to which Del Fierro filed Objections (Document No. 17), Del Fierro was sentenced on January 7, 2005, to fifty-five (55) months imprisonment, to be followed by a three year term of supervised release. (Document No. 27). A Judgment of Conviction was entered on January 25, 2005. (Document No. 36).

Del Fierro filed a timely Notice of Appeal. In addition, however, he filed a Motion and an Amended Motion to Correct his Sentence under FED. R. CRIM. P. 35(a). (Document Nos. 31 & 34). In each motion, he argued that his sentence, which was based on factors not admitted by him or submitted to a jury and found beyond a reasonable doubt, was unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and was therefore subject to correction. The District Court denied both motions on March 15, 2005. (Document No. 47). Subsequently, the Fifth Circuit Court of Appeals, on March 7, 2006, affirmed Del Fierro's sentence and conviction. (Document Nos. 53 & 54). Within one year thereafter, Del Fierro filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 64).[1] The Government has filed a Response and a Motion for Dismissal (Document No. 64), to which Del Fierro has filed a response in opposition (Document No. 70).

---

[1] On November 28, 2006, Del Fierro filed an unsigned § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 56). Upon the Government's motion, Del Fierro's unsigned § 2255 Motion was stricken, subject to refiling. (Document No. 62). On February 27, 2007, Del Fierro filed a signed § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 64).

**II.    Claims**

Del Fierro raises essentially two claims in this § 2255 proceeding:[2]

(1)   that the Court did not have jurisdiction over the case because the charge was brought against him as a fictitious person, RENE GARCIA DEL FIERRO, by a fictitious person – the UNITED STATES ; and

(2)   that his trial counsel was ineffective for failing to object to, and advise him, about the Court's lack of jurisdiction, and for failing to advise him about the charges against him.

The Government, in its Response and Motion for Dismissal, argues that Del Fierro's jurisdiction claim(s) is procedurally barred from review in this § 2255 proceeding because Del Fierro did not raise the claim in his direct appeal.  As for the ineffective assistance of counsel claim, the Government maintains that counsel did advise Del Fierro about the charges against him, as was admitted by Del Fierro on the record, and that trial counsel had no valid jurisdictional challenges to make.

**III.   Discussion**

Del Fierro sets forth six claims in his § 2255 motion that all relate, in one way or another, to his allegation that the Court did not, and could not, have jurisdiction over him because he is not a "corporate fictitious defendant."  Del Fierro alleges as follows:

> This sentence is illegal because it is a contempt of court to sue to sue in the name of a fictitious party and both Plaintiff "UNITED STATES" and RENE GARCIA DEL FIERRO are fictitious. . . .
>
> I, Rene-Garcia of the Del Fierro family assert I have been kidnaped, held captive as

---

[2] In his response to the Government's Motion for Dismissal (Document No. 70), Del Fierro clearly and unequivocally states that he is not asserting or pursuing the claims asserted by him in an unsigned, earlier filed Memorandum in Support (Document No. 57), which was filed in support of his unsigned, earlier filed § 2255 motion, and that the Government's argument for the dismissal of such claims is moot.

>   a full-fledged hostage, I am not the Defendant[.]  I am a natural man imprisoned by misidentification.  This court cannot arrest, detain or imprison natural born men because your [sic] a government and governments are corporations inasmuch as every government is an artificial person [,] an abstraction and a creature of the mind only[.] Governments can interface only with other artificial persons , the imaginary having neither the actuality nor substance is foreclosed from creating and attaining parity with the tangible, the legal manifestation of this is that no government as well as any agency, aspect, law, court, etc. thereof. it cannot concern itself with anything other than corporate fictitious defendants and the contracts between them. . . .
>
>   Attorney Bires and Friesell 'violated' the 'cleanhands' "good faith" and 'due process of law' by not informing me Rene-Garcia that I am not the corporate fiction defendant. . .  I am not even a party to the action because I am a live born man . . . .
>
>   I, Rene-Garcia challenge the In Personam Jurisdiction of this Court.  I am not a corporate fictitious defendant and am not subject to legislative equity jurisdiction.  This tribunal must provide proof and has failed to offer proof that accused is subject to legislative equity jurisdiction.  This court altered my name from upper and lower case letters by illegally applying the 14th Amendment and changing my name into all capital letters making it look like I'm a corporate defendant. . . .
>
>   The Constitution is a compact/contract, I Rene-Garcia demand to see the social compact contract which bears my bona fide signature.  Failure to show proof I am not subject of the government. . .  As a private individual I am not, nor want to be a part of the Federal Constitution and/or its laws created for Federal employees and subjects of the Federal Constitution. . . .
>
>   I[,] secured Party/Plaintiff Rene Garcia of the Del Fierro family, do not consent to be bound by imprisonment/enslavement.

§ 22558 Motion (Document No. 64) at pp. 4, 5, 7, 8, 11.  Del Fierro neither raised a jurisdictional challenge nor set forth any of the allegations he makes herein in his direct appeal.  The Government argues that Del Fierro's jurisdictional claims are, consequently, procedurally barred from review in this § 2255 proceeding.

When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged

errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'"). Here, Del Fierro has made no showing of cause and prejudice to overcome the default. In addition, other than Del Fierro's frivolous assertions that he is not the correct defendant, whose name was all capitalized in the Indictment, thereby indicating a fictitious person, Del Fierro has made no showing that he is actually innocent of the offense of illegal re-entry. Therefore, Del Fierro's challenges to the Court's jurisdiction are procedurally barred from review herein.

Even if such claims were not procedurally barred from review, Del Fierro's jurisdictional claims and allegations are frivolous. Pursuant to 28 U.S.C. § 1331, and 18 U.S.C. § 3231, federal courts have jurisdiction over all federal crimes. Del Fierro's offense, of illegally re-entering the United States following deportation without having received authorization from the Attorney General to do so, is a federal crime. 8 U.S.C. § 1326. Therefore, regardless of the type used, or whether Del Fierro's name was capitalized, the Court had jurisdiction over him and the offense with which he was charged, and of which he was convicted. Del Fierro's related claim that counsel was ineffective for failing to challenge the Court's jurisdiction is likewise frivolous.

Finally, with respect to Del Fierro's claim that his trial counsel, David Bires, was ineffective for failing to advise him about the charges, and for "coercing" him into pleading guilty, a review of the record shows that such ineffectiveness claims have no merit. When a defendant pleads guilty,

trial counsel has the duty of ensuring that the defendant's plea is knowingly and voluntarily made. *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984); *Hill v. Estelle*, 653 F.2d 202, 206 (5th Cir.), *cert. denied*, 454 U.S. 1036 (1981). If a petitioner claims that counsel has not discharged this duty, habeas relief is available *only* if the petitioner can establish that counsel's performance in connection with the plea was deficient or incompetent, and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987).

Here, the record shows that Del Fierro admitted at his Rearraignment that he had discussed the charges with his counsel. Rearraignment Transcript (Document No. 26) at 6. In addition, the record reveals that the Court advised Del Fierro at the Rearraignment about the charges and the possible punishment he faced. Rearraignment Transcript (Document No. 26) at pp. 8-12. The Court also ascertained that Del Fierro had not been coerced into pleading guilty, and that his guilty plea was both knowing and voluntary. Rearraignment Transcript (Document No. 26) at 7, 17. As such, the record refutes Del Fierro's claims of ineffectiveness.

**IV.   Conclusion and Recommendation**

Based on the foregoing, the conclusion that no relief is available to Del Fierro on any of the claims he raises herein, the Magistrate Judge

RECOMMENDS that the Government's Motion for Dismissal (Document No. 69) be GRANTED, that Movant Rene Garcia Del Fierro's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 64) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 19th day of September, 2007.

_____
Frances H. Stacy
United States Magistrate Judge